# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TANYA L. CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA *doing business as Labcorp*,<br><br>Defendant. | Case No. 26-CV-453-JPS<br><br>**ORDER** |

On March 20, 2026, Plaintiff Tanya L. Calderon ("Plaintiff") filed a complaint against Defendant Laboratory Corporation of America ("Defendant") for alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act on 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. ECF No. 1. On October 23, 2026, Plaintiff filed an expedited motion to compel under Civil Local Rule 7(h). ECF No. 26. On November 2, 2026, Defendant filed a brief in opposition to the motion. ECF No. 28. Defendant had seven days, until October 30, 2026, to file its opposition in accordance with Civil Local Rule 7(h). Further, Defendant did not seek leave from the Court for additional time, nor do they offer explanation for their delay in their memorandum or declaration. ECF Nos. 28, 29. Therefore, Defendant's brief is untimely, and the Court will not consider it. Civil L.R. 7(h).

Plaintiff seeks material related to five of her requests for production. ECF No. 26 at 1–2. Further, she seeks relief from the Court to "[r]equire Defendant to identify records withheld on objection, records not located,

and privileged materials under Fed. R. Civ. P. 34(b)(2)(C) and 26(b)(5)(A)." *Id.* at 3. She also requests that the Court order compliance within seven days and consider non-monetary sanctions under Rule 26(g)(3) and 37. *Id.*

In support of her motion and in accordance with Federal Rule of Civil Procedure 37(a)(1), Civil Local Rule 37, and this Court's procedures, ECF No. 16, Plaintiff filed a certification of good faith effort to meet and confer. ECF No. 26-2. Plaintiff also attached exhibits of correspondence with Defendants regarding her discovery requests. ECF No. 26-1. The parties met on Zoom on September 15, 2026, and have since conferred via e-mail regarding discovery deficiencies. ECF No. 26-2. Although the parties have previously met and conferred on Zoom in September, upon reviewing Plaintiff's attached exhibits and correspondence, ECF No. 26-1, the Court does not find that the parties have properly met and conferred.

According to Plaintiff's follow-up e-mail, the parties meeting in September did not address the issues Plaintiff brings to the Court in her motion to compel, *id.* at 2, and the meeting occurred before the Court granted the parties' protective order on October 6, 2026. ECF No. 21. On October 15, 2026, Defendant asked Plaintiff to "identify each specific interrogatory or request for production [she] believe[d] [was] deficient" and to explain the basis for each alleged deficiency. ECF No. 26-1 at 14. Plaintiff responded hours later reiterating the alleged deficiencies. *Id.* at 16–19. Defendant responded to Plaintiff's requests and communicated their intention to provide responses. *Id.* at 20. Instead of waiting for Defendant's response, Plaintiff has filed this motion to compel. The Court does not find that this communication is adequate to satisfy the meet and confer standard. *See Carlson v. City of Delafield*, No. 08-C-751, 2010 WL 1641915, at *5–6 (E.D. Wis. April 21, 2010) ("However, the quantity of communications

is not dispositive; ultimately, the content and tone of the communications determine whether the attempt to conciliate was sincere and, thus, sufficient to satisfy the pre-filing meet and confer requirements." (citing *Gross v. PPG Indus.*, Inc., No. 07-CV-982, 2009 WL 159261, at *1 (E.D. Wis. Jan 22, 2009))); *Walker v. Tritt*, No. 14-cv-1504-pp, 2016 WL 3951147, at *4 (E.D. Wis. July 20, 2016) ("A good faith effort to resolve a discovery dispute means that, after the responding party has . . . provided its response . . . the plaintiff . . . talks with the defendant about whether there is any way to resolve the objections or disagreements they have over the responses.").

For the reasons stated herein, the Court with deny Plaintiff's motion to compel without prejudice. After the parties have properly met and conferred regarding the alleged deficiencies, Plaintiff may file a renewed motion to compel if necessary.

Accordingly,

**IT IS ORDERED** that Plaintiff Tanya L. Calderon's expedited motion to compel, ECF No. 26, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2026.

BY THE COURT:

__________________________________________

J. P. Stadtmueller
U.S. District Judge